UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

          Plaintiff,

v.                                                  Case No. 24-cv-257-pp

KERRY L. KUFFENKAM, *et al.*,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DEFERRING RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 4) AND REQUIRING PLAINTIFF TO PAY FULL $405 FILING FEE**

      Plaintiff Timothy Durley, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his civil rights were violated. Dkt. No. 1. He also seeks leave to proceed without prepaying the filing fee. Dkt. No. 2.

      The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his lawsuit without prepaying the full case filing fee, if he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the filing fee over time, through deductions from his institutional trust account. Id.

That said, if an incarcerated plaintiff already has filed three or more lawsuits or appeals that were dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the law requires that plaintiff to prepay the entire $405 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). Commonly known as the "three-strikes" provision, an incarcerated plaintiff is said to have "struck out" once he has accrued three dismissals under this rule.

The plaintiff has struck out. This court has dismissed three of his previous cases for failing to state a claim upon which relief can be granted. Durley v. Tritt, et al., 21-cv-281-pp (judgment entered Apr. 27, 2021); Durley v. Tritt, et al., 21-cv-628-pp (judgment entered June 30, 2021); and Durley v. Ahlborg, 21-cv-153-pp (judgment entered July 20, 2022); see also Durley v. Hohenstern, et al., 22-cv-1293-pp, Dkt. Nos. 38, 40 (finding plaintiff had accumulated three strikes, revoking *in forma pauperis* status and dismissing case for plaintiff's failure to pay full filing fee).

The court may allow the plaintiff to proceed without prepaying the full filing fee only if he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). In making this determination, the Seventh Circuit Court of Appeals has cautioned courts not to evaluate the seriousness of a plaintiff's claims. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2002). However, "it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010). Courts routinely deny requests to proceed without

prepaying the full filing fee when the imminent danger allegations are "conclusory or ridiculous" or where they concern only past injuries. Id. (quoting Ciarpaglini, 352 F.3d at 330–31) (explaining that "the harm must be imminent or occurring at the time the complaint is filed"). In short, "[t]he 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)).

The complaint alleges that in February 2023, the plaintiff was diagnosed with "moderate persistent asthma." Dkt. No. 1 at 4. The plaintiff says he was prescribed two inhalers, over the counter medications and a nebulizer. Id. at 4–5. He claims medical staff, including the persons named as defendants in his complaint, lied to him about his treatment and fabricated his medical records. Id. at 5–6. He wrote to medical staff asking to use a nebulizer, but medical staff denied him that treatment. Id. He says the defendants cancelled follow-up appointments in June and August 2023. Id. He says that on November 12, 2023, medical staff did not properly treat his asthma after correctional officers sprayed another incarcerated person with an incapacitating agent. Id. at 6. He alleges that as of the date of his complaint (February 25, 2024), he was suffering from "covid19—flu like symptoms," for which medical staff provided him medication. Id. He sues the defendants for not seeing and treating him in the past, "cancelling [his] follow up visit with nurse practitioner," "not

reschedul[ing] [his] followed [*sic*] up visit" in June 2023 and for "not seeing [him] sooner as [he] requested." Id. at 6–7.

The plaintiff also filed a motion for a preliminary injunction and a brief in support of that motion. Dkt. Nos. 4, 5. In his brief in support, the plaintiff reiterates his diagnosis of "moderate persistent asthma" and most of the allegations from his complaint. Dkt. No. 5 at 1–2. He again claims medical staff have lied to him and fabricated his medical records, and he again mentions the November 2023 instance of staff not treating his asthma after an incapacitating spray was used. Id. at 2–3. Relevant to the §1915(g) analysis, he says that if he "do[es] not receive proper treatment at the proper time . . . his asthma may be worsten [*sic*], or he may lose his life." Id. at 6.

The court dismissed one of the plaintiff's previous cases after determining that he had incurred three strikes and that his allegations did not satisfy the exception in §1915(g). Case No. 22-cv-1293, Dkt. Nos. 38, 40. The plaintiff had partly alleged in that case, as he does here, that medical staff at Waupun previously denied him nebulizer treatment for his asthma, and he feared they might deny his that treatment again in the future. Id., Dkt. No. 38 at 5–6. The court rejected his allegations about past harm as a reason to allow him to proceed *in forma pauperis* despite his three strikes. Id. at 6–7. But the court also explained that "more important than the imminence of the risk to the plaintiff is whether that alleged risk is 'real and proximate' rather than speculative and merely possible." Id. at 7 (quoting Ciarpaglini, 352 F.3d at 330). The court found that the plaintiff's allegations alleged only possible future

4

harm that was contingent on several unknowable factors. Id. The court explained that the plaintiff's allegations "d[id] not detail a 'real and proximate' risk of imminent physical harm . . . [or] that the plaintiff faces a 'genuine emergenc[y]' or that 'time is pressing' to address the threat to his physical health." Id. (quoting Heimermann, 337 F.3d at 782). The court concluded that the plaintiff's "speculative allegations of harm are 'insufficient to trigger the exception to §1915(g).'" Id. (quoting Grissom v. Pininski, Case No. 08-CV-284, 2008 WL 2218262, at *2 (W.D. Wis. May 23, 2008)).

The court also discussed the plaintiff's "numerous past cases" alleging that medical staff were refusing him nebulizer treatment; it explained that "medical staff often refuse [the plaintiff] nebulizer treatment either because he has other effective treatment options available to him or because he has threatened staff or acted out in such a way that medical staff have been cautioned not to approach the plaintiff without security staff present." Id. at 8 (citing Case No. 20-cv-1890-pp, Dkt. No. 103 at 8–11). The court advised the plaintiff that he "may not manufacture an imminent risk of serious physical harm by unnecessarily putting himself in harm's way." Id.

For the same reasons the court explained in that previous case, the court finds that the plaintiff's present complaint does not allege that he is in imminent danger of serious physical injury. The majority of the plaintiff's allegations involve past harm—receiving inadequate medical treatment, having medical appointments cancelled, being denied nebulizer treatment after another incarcerated person was sprayed in November 2023. As the court

previously explained to the plaintiff, those allegations of past harm do not satisfy the exception in §1915(g). See Ciarpaglini, 352 F.3d at 330–31.

The plaintiff's allegations suggest two instances of present harm. First, the plaintiff alleges that, as of February 25, 2024, he was experiencing symptoms of COVID-19 or the flu. But in 2024, both of those illnesses are almost always treatable, temporary and non-emergent. See Coates v. Arndt, No. 20-C-1344, 2020 WL 6801884, at *2 (E.D. Wis. Nov. 18, 2020) (noting that "the vast majority of people who contract COVID-19 have at most only moderate symptoms and recover fully"). It is likely that in the time since the plaintiff wrote his complaint and other papers, his symptoms already have subsided. Moreover, the plaintiff says medical staff provided him medication for his symptoms. He also was able to draft a twelve-page complaint, a motion for a preliminary injunction and eighteen pages of papers in support of that motion while suffering from these symptoms. This all suggests the plaintiff's condition is not an emergency but is, as it is for most people who contract COVID-19 or the flu, a temporary condition for which he received medical attention.

The plaintiff also says in his brief in support of his motion for a preliminary injunction (but not in his complaint) that if he "do[es] not receive proper treatment at the proper time," it is possible "his asthma may be worsten [*sic*], or he may lose his life." Dkt. No. 5 at 6. These allegations are vague, speculative and remote. The plaintiff provides no reason to believe that his asthma will imminently worsen or take his life. He notes that medical staff provided him two types of inhalers and over the counter medication in addition

to his prescription for nebulizer use, and he says only that staff have not provided him the nebulizer. Whatever the reason medical staff are not providing him a nebulizer, the plaintiff's own allegations do not suggest that they are denying him all treatment for his asthma—only the treatment he desires most. As the court previously explained to the plaintiff, these allegations about a potential risk he may face because of his asthma "do not concern a 'real and proximate' risk of harm but instead allege a risk that is 'speculative and merely possible.'" Case No. 22-cv-1293, Dkt. No. 40 at 3. Those "speculative allegations of harm are insufficient to trigger the exception to §1915(g)." Id. (quotation omitted).

The court finds that the complaint does not allege that the plaintiff is in imminent danger of serious physical injury. He instead seeks monetary redress and a preliminary injunction for instances of alleged past harm or injury that is speculative and uncertain. These allegations do not satisfy the exception in §1915(g). The court will deny the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2. If the plaintiff wishes to proceed in this action, he must prepay the full $405 filing fee.

The court **DENIES** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must prepay the $405 filing fee by the end of the day on **May 3, 2024**. If the court does not receive the full filing fee by the end of the day on May 3, 2024, the court will dismiss this case without prejudice and without further notice to the plaintiff.

The court **DEFERS RULING** on the plaintiff's motion for a preliminary injunction pending his payment of the $405 filing fee. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 9th day of April, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**